IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00585-BNB

ROBERT H. QUINN, III,

    Applicant, named as Plaintiff,

v.

UNITED STATES GOVERNMENT,

    Respondent, named as Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 07 2008

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Applicant, Robert H. Quinn, III, named as Plaintiff, currently is in the custody of the Colorado Department of Corrections (DOC) and is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. He attempted to initiate the instant action by submitting *pro se* documents titled "Notice of Discharge and Demand for Immediate Release Upon Affidavit and Presented Prima Facie Evidence Attached Hereto" and "Notice to Cease and Desist Illegal Use of Copyrights Property Lawful Public Notice All 'Contracts" Canceled," as well as other documents.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court determined that the submitted documents were deficient. Although in his "Notice of Discharge and Demand for Immediate Release Upon Affidavit and Presented Prima Facie Evidence Attached Hereto" Mr. Quinn asked for his immediate release from custody, he failed to make clear whether he was attacking the validity of his conviction, whereupon he must file a habeas corpus application pursuant to 28 U.S.C. § 2254, or

whether he is attacking the execution of his sentence, whereupon he must file a habeas corpus application pursuant to 28 U.S.C. § 2241.

Therefore, on March 21, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Quinn to cure certain designated deficiencies. Specifically, Mr. Quinn was ordered to submit within thirty days a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 or to pay the $5.00 filing fee. He also was ordered to submit within thirty days the proper habeas corpus application depending upon whether he is attacking the validity of his conviction or the execution of his sentence. The clerk of the Court was directed to mail to Mr. Quinn, together with a copy of the March 21 order, two copies of the following forms: Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action; Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (to be used only if Applicant is attacking the validity of his conviction); and Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (to be used only if Applicant is attacking the execution of his sentence). Mr. Quinn was warned that if he failed within the time allowed to cure the designated deficiencies, the action would be dismissed without further notice.

Mr. Quinn has failed within the time allowed to cure all the designated deficiencies as directed, i.e., he has failed to submit a habeas corpus application, and he has failed to either to pay the $5.00 filing fee or to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts requires a "certificate of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to

the petitioner's credit in any account in the institution." The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action mailed to Mr. Quinn on March 21, 2008, also notes this requirement. Accordingly, it is

ORDERED that the action is dismissed without prejudice for failure to cure. It is FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 6 day of May, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Judge